

# The Attorney General of Texas

July 10, 1980

*Overruled by JM-5*

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable H. S. Harris, Jr.
Chairman, Texas Industrial Accident
  Board
P. O. Box 12757, Capitol Station
Austin, Texas 76711

Opinion No. MW-209

Re: Sheriff's fees for serving subpoenas at the request of the Industrial Accident Board.

Dear Mr. Harris:

You ask whether a county sheriff or constable is entitled to a fee from the Industrial Accident Board for serving subpoenas issued by the Board in connection with hearings on compensation claims and fraud cases. The Board has authority to subpoena witnesses pursuant to sections 4, 9a, and 10 of article 8307, V.T.C.S. Moreover, the Administrative Procedure Act gives the Board the following authority:

> (c) On its own motion or on the written request of any party to a contested case pending before it, on a showing of good cause, and on deposit of sums that will reasonably insure payment of the amounts estimated to accrue under Subsections (1)(1) and (2) of this section, an agency shall issue a subpoena addressed to the sheriff or any constable to require the attendance of witnesses and the production of books, records, papers, or other objects as may be necessary and proper for the purposes of the proceedings.

V.T.C.S. art. 6252-13a, §14. Article 6873, V.T.C.S., requires each sheriff to execute all process directed to him by legal authority.

Article 3933a, V.T.C.S., establishes a fee schedule for sheriffs and constables which provides in pertinent part:

> For each person, corporation or legal entity, on whom service of citation, subpoena, summons, or process not otherwise provided for, is performed or attempted and return made, including mileage, if any, a fee of

| (a) Small Claims Courts | $ 5.00 |
| (b) Justice Courts | $ 8.00 |
| (c) All other Courts | $10.00 |

The courts of other states have held that an administrative agency is not a court. See Nelson v. Real Estate Commission, 370 A.2d 608 (Md. App. 1977); School Dist. No. 16 v. New London School Dist., 164 S.W. 688 (Mo. App. 1914); In re Assessment of Kansas City Southern Ry. Co., 33 P. 2d 772 (Okla. 1934). Statutes are strictly construed against allowing a fee by implication. Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946); Attorney General Opinions V-1426 (1952); V-957 (1949). We believe the Texas courts would construe the above fee schedule narrowly, and would not hold that it establishes fees for service of subpoenas in administrative hearings. The sheriff or constable is therefore not entitled to a fee from the Industrial Accident Board for serving subpoenas issued by the Board in connection with hearings on compensation claims and fraud cases. See also Tex. Const. Art. XVI, §61; V.T.C.S. art. 3912(e), §1 (state shall not pay fees to county officers in counties of over 20,000 population).

## S U M M A R Y

Sheriffs and constables are not entitled to receive fees from the Industrial Accident Board for serving subpoenas issued by the Board in connection with hearings on compensation claims and fraud cases.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood